THIRD DISTRICT—OCTOBER, 1913.     275

Hemmick v. B. and O. Southwestern R. Co., 184 Ill. App. 275.

## Sarah E. Hemmick, Administratrix, Plaintiff in Error, v. Baltimore and Ohio Southwestern Railroad Company, Defendant in Error.

1. MASTER AND SERVANT, § 98*—*when declaration does not show action to be based on Federal Compensation Act.* In an action against a railroad company to recover for the death of an engineer, where the declaration is not based upon the Federal Compensation Act and does not aver that the company was doing an interstate commerce business and does not allege any acts showing that the company is controlled by or comes within the provisions of the Federal act, the Federal act has no application to the action, but the action is controlled wholly by the decisions of the State courts.

2. MASTER AND SERVANT, § 118*—*when release executed to railroad company constitutes a bar to action for death of engineer.* In an action against a railroad company to recover damages for the death of plaintiff's intestate while employed by the defendant company as an engineer, a release executed by plaintiff to the company's relief department, of which deceased was a member, releasing all rights and claims against the company arising from the death of deceased for a sum of money provided to be paid by reason of deceased being a member of such department, *held* properly admissible in evidence and to constitute a complete bar to the action.

Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

ALONZO HOFF and ALBERT SALZENSTEIN, for plaintiff in error.

GRAHAM & GRAHAM, for defendant in error; EDWARD BARTON, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendant to recover for the death of her husband who was killed in a railroad accident on the defendant's railroad. The declaration consists of several counts

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

charging negligence against the defendant in various forms which resulted in the death of plaintiff's husband. Plaintiff's husband was an engineer in the employ of the defendant and was killed while performing the duties of engineer, by reason of the train upon which he was engineer running into an open switch thereby causing a collision with cars upon the switch track. The deceased was killed either by reason of the impact of the collision or by the reason of jumping from his engine after his train had gone into the open switch and upon the siding.

The defendant Company provided a relief department known as the Baltimore and Ohio Railroad Relief Department; the deceased was a member of this department, and by reason of being a member of this department and maintaining his membership therein, the widow and child were paid twenty-five hundred dollars; upon the payment of this sum, the following release was executed and delivered to the defendant Company:

The Baltimore and Ohio Railroad Co.

Relief Department.

Release on Account of Death Benefit.

Whereas, David O. Hemmick, deceased, lately in the service of The Baltimore and Ohio Southwestern Railroad Company, was a member of the Relief fund of the Relief Department the then Baltimore and Ohio Railroad Company under Application No. 505672, and the Death Benefit payable from said Relief Department on account of such membership, amounting to TWENTY-FIVE HUNDRED Dollars ($2500.00) with unpaid Disablement Benefit amounting to....Dollars ($......).., is upon the condition of the execution of this Release, as provided in the said application, payable to his widow, Sarah R. Hemmick, and Lenora Mildred Hemmick.

Now, therefore, we, the undersigned, do hereby acknowledge that the payment of the said amount by the said Relief Department as aforesaid, which pay-

ment is hereby acknowledged, is in full satisfaction and discharge of all claims or demands on account of, or arising from, the death of said deceased, which we now have, or may, or can hereafter have against The Baltimore and Ohio Railroad Company, operating the said Relief Department, and The Baltimore and Ohio Southwestern Railroad Company, and the Baltimore and Ohio Railroad Company, *   *   *   and do hereby release and forever discharge The Baltimore and Ohio Southwestern Railroad Company, The Baltimore and Ohio Railroad Company, and the said other companies from all said claims and demands.

The undersigned hereby admits that under the terms of the said application and the regulations of the Relief Department, the acceptance of the said benefits of itself operates as a full release of all the claims of the undersigned for damages by reason of said injuries against any of the said companies above referred to.

Witness our hands and seals this 25th day of March, A. D., 1911.

In the presence of:

      T. W. Ashley,
      Alonzo Huff,
      J. D. Marney.

| | |
|---|---|
| Sarah E. Hemmick, | (L. S.) |
|   Widow and beneficiary, | (L. S.) |
| Sarah E. Hemmick, | (L. S.) |
|   Administrator of the Estate | (L. S.) |
|   of David O. Hemmick, de- | (L. S.) |
|   ceased, | (L. S.) |
| Sarah E. Hemmick, | (L. S.) |
|   Guardian of Lenora Mildred | (L. S.) |
|   Hemmick, minor daughter | (L. S.) |
|   and joint beneficiary of Da- | (L. S.) |
|   vid O. Hemmick, deceased. | (L. S.)" |

Notwithstanding the receipt of the twenty-five hundred dollars provided for in this release, the payment of which is not denied, plaintiff contends she is

entitled to recover for the death of her husband if caused by the negligence of the defendant Company.

The cause was tried below, and after the evidence of the plaintiff was heard a motion was made by defendant to direct a verdict in its behalf; this motion was denied. Defendant then offered in evidence the release above set forth, which was admitted by the court, and, after all the evidence was heard, the motion to direct a verdict for the defendant was renewed, and the motion sustained, and the jury directed to return a verdict for the defendant, holding that the release, the execution of which was not denied, was a bar to this action. Plaintiff insists that the court erred in admitting this release in evidence, and in directing a verdict for the defendant, and prosecutes this appeal.

From the view taken by this court upon this record, it is unnecessary to discuss or determine any of the questions raised excepting those relating to this release and the rulings of the court thereon.

The declaration is not based upon the Federal Compensation Act, and does not aver that the defendant Company was doing an interstate commerce business, does not allege any acts showing that the defendant Company is controlled by or comes within the provision of the Federal Compensation Act; consequently, the Federal act has no application to the case at bar, and it must be controlled wholly by the decisions of the State courts. *Luken v. Lake Shore & M. S. Ry. Co.*, 248 Ill. 377.

The deceased having become a member of the relief department of the defendant Company, and plaintiff having received the amount of money provided to be paid by reason of her husband being a member of that department, and having received the same from the defendant Company, and executed a release for the same and releasing all rights and claims against the defendant Company, that release is a complete

bar to the prosecution of this action under *Eckman v. Chicago, B. & Q. R. Co.*, 169 Ill. 312; *Pennsylvania Co. v. Chapman*, 220 Ill. 428.

The trial court did not err in admitting the release in evidence or in directing a verdict for the defendant, and its judgment is therefore affirmed.

*Affirmed.*